UNITED STATES DISCTRICT COURT
SOUTHERN DISCTRICT OF FLORIDA

CASE NO:   1:16cv24922

JOSE ROSADO,

    Plaintiff,

vs.

CITY OF MIAMI GARDENS,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSE ROSADO ("ROSADO"), by and through the undersigned counsel and pursuant to the Florida Rules of Civil Procedure, hereby brings this Complaint for Damages against the Defendant, CITY OF MIAMI GARDENS, a political subdivision of the State of Florida ("CITY OF MIAMI GARDENS"), and in support of his claim for relief, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    This is a claim under the First and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. §1983, seeking damages in excess of $75,000, exclusive of interest and costs; violation of Title VII; and for violation of the Florida Whistleblower Act, § 112.3187 and § 448.102 Florida Statutes.

2.    This Court has exclusive jurisdiction over the Constitutional claims pursuant to 28 U.S.C. §§1331 and 1343. This Court is vested with jurisdiction to order an injunction, award front pay, back pay, order reinstatement, or provide any other equitable relief as may be proper, as well as awarding compensatory damages, attorney's fees and court costs, expenses, pre-judgment interest and post-judgment interest and any other legal and/or equitable relief deemed appropriate by this Court.

1

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1820
www.philliportizlaw.com

3. The Court has supplemental jurisdiction over the Florida claim(s) pursuant to 29 U.S.C. §1367 and original jurisdiction under 28 U.S.C §1343(b).

4. Venue is proper in this Court because CITY OF MIAMI GARDENS maintains offices, does business, and is located in Miami Gardens, Miami-Dade County, Florida. Additionally, venue is appropriate within this Federal District and Division because the injury was sustained, and the conduct and cause of action which gives rise to the instant suit occurred within Miami-Dade County, Florida.

5. At all times material to this action, ROSADO is an adult individual who resides in the State of Florida and is a "person" under 42 U.S.C. §1983 and an employee entitled to bring this action. At all times material hereto, ROSADO was employed by CITY OF MIAMI GARDENS as Police Officer with Miami Gardens Police Department.

6. Defendant CITY OF MIAMI GARDENS is a municipal subdivision of the State of Florida and, at all times material hereto, is the public employer of Plaintiff ROSADO. Further, at all times material hereto, CITY OF MIAMI GARDENS is an "employer" and an entity subject to liability under 42 U.S.C. §1983.

7. All conditions precedent to the instant action have occurred or have been waived, performed or excused.

## GENERAL ALLEGATIONS

8. Plaintiff ROSADO readopts and re-allege the allegations in Paragraph 1 through 7 as if fully set forth herein and further states:

9. Defendant City had implemented, enforced, encouraged and, sanctioned a policy, practice, and/or custom of unconstitutional stop-and -frisks, searches, seizures, arrests and prosecutions of Black Males ages 15-30.

2

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899  ▪ **fax** 305.901.1820
www.philliportizlaw.com

10. Defendant City had implemented, enforced, encouraged and, sanctioned a policy, practice, and/or custom of unconstitutional stop-and -frisks, searches, seizures, arrests and prosecutions of Black Males at various complexes which they deemed high crime areas.

11. These stop and frisks, arrests and seizures were conducted without the reasonable articulable suspicion and/or probable cause required under the Fourth Amendment and based on Race a violation of the 14th Amendment.

12. Jose Rosado, was part of a unit, the Crime Suppression Team ("CST") which conducted countless of theses unlawful and unconstitutional stop and frisks, searches and seizures and false arrests.

13. Prior to the incident which led to his termination, JOSE ROSADO, blew the whistle on the illegal activities by CST.

14. MAJOR ANTHONY CHAPMAN was the supervisor of CST and he was the one who ordered his officers to conduct these unconstitutional stop-and -frisks, searches, seizures, arrests and prosecutions of Black Males ages 15-30, a fact that was conclusively established by at least half a dozen witnesses in the SAMSPON case.

15. Jose Rosado only CST officer who blew the whistle as to these and other unconstitutional practices.

16. Jose Rosado was investigated by ANTHONY CHAPMAN for an incident in which he absolutely did nothing wrong and CHAPMAN along with the former CHIEF, with the City Manager's full knowledge and consent, terminated JOSE ROSADO's employment for blowing the whistle on CST and the MGPD's sanctioned policy, practice, and/or custom of unconstitutional stop-and -frisks, searches, seizures, arrests and prosecutions of Black Males 15-30.

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1820
www.philliportizlaw.com

## COUNT I
## 42 U.S.C. §1983

Plaintiff ROSADO readopts and re-allege the allegations in Paragraph 1 through 16 as if fully set forth herein and further states:

17. Plaintiff ROSADO was hired by Defendant CITY OF MIAMI GARDENS as Police Officer of the City of Miami Gardens Police Department ("MGPD") in October 2007.

18. At some point in time between 2011 and 2012 while ROSADO was assigned to road patrol, MGPD through its agent(s), including but not limited to Major Anthony Chapman, directed ROSADO to target black males between the ages of 15 and 30 and to conduct more field contacts with all such individuals regardless of the existence of probable cause.

19. From the onset through the end of his employment with MGPD, Plaintiff ROSADO consistently took issue with aforementioned directives issued by MGPD commanding officers due to violations of law and unconstitutional police custom and practices.

20. During the same period of time as indicated in Paragraph 10 above, Plaintiff ROSADO was the subject of continuing harassment by the MGPD in the form of unsubstantiated complaints against him, denied assignments, and denied promotional opportunities despite meeting and/or exceeding qualifications because he was not a "team player".

21. On January 7, 2014, Plaintiff ROSADO communicated via a written disclosure to the CITY OF MIAMI GARDENS executive officials outlining violations of law; malfeasance; misfeasance and public waste committed by various members of the MGPD including but not limited to Major Anthony Chapman.

22. On January 22, 2015, Plaintiff ROSADO provided sworn testimony in the form of

4

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1820
www.phillportizlaw.com

an affidavit in a highly publicized civil lawsuit in the matter of Earl SAMPSON et al., v City of Miami Gardens, Mathew Boyd, Paul Miller and Anthony Chapman, case 1:13-24312, which alleges the same conduct by the MGPD among other City officials.

23. On or about June 24, 2015 the City Manager terminated ROSADO's employment with MGPD.

24. Such termination was in retaliation for ROSADO "blowing the whistle".

25. All of the foregoing retaliatory actions have been taken against ROSADO because of his "blowing the whistle" and exercising his First Amendment rights on a matter of public concern involving the violation of constitutional safeguards extended to the citizens of the CITY OF MIAMI GARDENS and any other citizen of the State of Florida and/or the United States of America.

26. At all times material hereto, CITY OF MIAMI GARDENS, through its authorized agents and employees (most notably the MGPD Command Staff) were aware that retaliation for speaking out on matters of public concern is prohibited under the First Amendment.

27. No legitimate business reason existed under the applicable CITY OF MIAMI GARDENS's policies, past practices, procedures and/or supervisory instructions to justify the retaliatory conduct taken against ROSADO with the sustaining of various internal affairs investigations based allegations lodged against ROSADO being a mere pretext for retaliation.

28. But for his constitutionally protected speech activities, Plaintiff ROSADO would not have been the subject of retaliation in the form of a hostile work environment and the other retaliatory conduct complained of herein, including without limitation termination.

29. No legitimate governmental interest was served by denial of ROSADO's free speech rights.

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1820
www.philliportizlaw.com

30. The conduct complained of herein was taken under color of the laws of the State of Florida.

31. The persons who engaged in the conduct of which ROSADO complains (primarily MGPD Command Staff, Major Anthony Chapman, and City Manager) were of such position and authority so that their acts may fairly be said to constitute the official expressions of the CITY OF MIAMI GARDENS's custom, policy or usage.

32. As a result of the conduct by the CITY OF MIAMI GARDENS, through the deliberate and willful actions of primarily ANTHONY CHAPMAN in retaliation for ROSADO's exercise of his constitutionally protected right to freedom of speech, ROSADO has been subjected to deprivation of his rights as secured and protected to him by the First and Fourteenth Amendments to the Constitution of the United States, and has been thereby damaged.

33. As a direct, proximate and foreseeable result of CITY OF MIAMI GARDENS's actions, ROSADO has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, damage to his personal reputation and reputation as a public servant, and other non-pecuniary losses and intangible injuries, specifically through actions of CITY OF MIAMI GARDENS's agents and employees. Additionally, ROSADO has been tangibly harmed as a result of termination from employment, which damages include loss wages and income; damage to his chosen career path, incurring costs in procuring new employment, and loss of retirement and pension benefits.

34. As a result of Defendant's unlawful conduct, Plaintiff was forced to retain an attorney to represent him in this cause and as such is entitled to and seeks an award of attorney's fees for bringing this action, as part of his costs, pursuant to 42 U.S.C. §1988.

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1820
www.philliportizlaw.com

WHEREFORE, Plaintiff ROSADO respectfully prays:

a. that he be awarded compensatory damages in excess of $75,000.00 including, but not limited to: for past and future lost compensation caused by the loss of any salary or merit increases; for damage to his career; for damages for severe mental anguish and suffering; for damage to ROSADO's reputation as an individual and as a public servant; and for other direct and consequential damages suffered by Plaintiff as the direct and proximate result of all of the Defendant's actions in violation of Plaintiff clearly established constitutional rights;

b. that he be awarded prejudgment interest;

c. that a Final Order be entered directing that all disciplinary actions, negative comments, and claims of performance deficiencies against ROSADO and forming a matter of public record be expunged, or declared to have been improperly issued, to the extent permissible by Florida law;

d. that ROSADO be awarded front pay and benefits for a reasonable time, within the discretion of this Court, in lieu of reinstatement, should ROSADO be terminated prior to trial and if determined that reinstatement is impossible or impractical;

e. that ROSADO be awarded costs of this action, including reasonable attorney's fees as apart of his costs, pursuant to 42 U.S.C.§1988; and

f. that ROSADO be awarded such other legal and/or equitable relief as may be deemed appropriate by this Court.

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1820
www.philliportizlaw.com

## COUNT II
## Florida Statutes  112.3187 "Whistle-blower's Act."

Plaintiff  ROSADO readopts and re-allege the allegations in Paragraph 1 through 25 as if fully set forth herein and further states:

35. The conduct by CITY OF MIAMI GARDENS, through the deliberate and willful actions or supervision and  direction of primarily Major Anthony Chapman  and his command staff and of the City Manager in retaliation for  ROSADO's "blowing the whistle" on CITY OF MIAMI GARDENS's procedures, directives, malfeasance, misfeasance and  illegal acts or violations of law  in contradiction of the Florida and U.S. Constitutional protections,  was a  violation of Florida Statutes §112.3187.

36. During his employment with Defendant, ROSADO engaged in a protected activity by reporting an unlawful activity, policy or practice of his employer to the State Attorney's Office Public Corruption Unit.

37. CITY OF MIAMI GARDENS was on notice of the unlawful activity, custom, policy or practice and had a reasonable opportunity to correct the same.

38. Instead, however, CITY OF MIAMI GARDENS retaliated against ROSADO by asserting false allegations against him, suspending him without pay, and eventually terminating his employment.

39. As a direct, proximate and foreseeable result of CITY OF MIAMI GARDENS's actions, ROSADO has suffered  past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation,  inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, damage to his personal reputation and reputation as a public

8

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899  ▪ **fax** 305.901.1820
www.philliportizlaw.com

servant, and other non-pecuniary losses and intangible injuries, specifically through actions of CITY OF MIAMI GARDENS's agents and employees. Additionally, ROSADO has been tangibly harmed as a result of termination from employment, which damages include loss wages and income; damage to his chosen career path, incurring costs in procuring new employment, and loss of retirement and pension benefits.

WHEREFORE, Plaintiff ROSADO respectfully prays:

a. that he be awarded compensatory damages against CITY OF MIAMI GARDENS including, but not limited to damages: for past and future lost compensation caused by the loss of any salary or merit increases; for damage to his career; for damages for severe mental anguish and suffering; for damage to ROSADO's reputation as an individual and as a public employee; and for other direct and consequential damages suffered by Plaintiff as the direct and proximate result of all of the Defendants' actions in violation of Plaintiffs clearly established constitutional right to free association;

b. that he be awarded prejudgment interest;

c. that a Final Order be entered directing that all disciplinary actions, negative comments, and claims of performance deficiencies against ROSADO and forming a matter of public record be expunged, or declared to have been improperly issued, to the extent permissible by Florida law;

d. that ROSADO be awarded front pay and benefits for a reasonable time, within the discretion of this Court, in lieu of reinstatement;

e. that ROSADO be awarded costs of this action, including reasonable

9

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1820
**www.philliportizlaw.com**

    attorney's fees as apart of his costs; and

    f.   that ROSADO be awarded such other legal and/or equitable relief as may be deemed appropriate by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff ROSADO hereby respectfully demands trial by jury on all issues and counts triable of right before a jury.

Respectfully submitted on November 28, 2016 by:

        **PHILLIP A. ORTIZ, P.A.**
        *Counsel for Plaintiff*
        6625 Miami Lakes Drive Suite 316
        Miami Lakes, FL 33014
        Telephone: 305-693-8899
        Facsimile: 305-901-1820
        Email: Phillip@ philliportizlaw.com

        By: */s/ Phillip A. Ortiz*
        PHILLIP A. ORTIZ, ESQ.
        FBN 98049

10
_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 305.693.8899  ▪ **fax** 305.901.1820
**www.philliportizlaw.com**