# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24922-Civ-COOKE/TORRES

OFFICER JOSE ROSADO,

    Plaintiff,

vs.

CITY OF MIAMI GARDENS,

    Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before me upon Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment and Judgment ("Motion") (ECF No. 76). I have reviewed the Motion, Defendant's Response in Opposition, the record, and the relevant legal authorities. For the reasons set forth herein, the Motion is denied.

## I. BACKGROUND

Plaintiff brought this action on November 28, 2016, alleging that Defendant had fired Plaintiff from his position as a Miami Gardens police officer in retaliation for Plaintiff's exercising his First Amendment right to free speech. *See generally* ECF No. 1. Defendant subsequently moved for summary judgment. ECF No. 45. By Endorsed Order dated February 22, 2018, the Court scheduled a hearing on Defendant's motion on March 2, 2018. ECF No. 71. In that Endorsed Order, the Court "[s]pecifically" notified the Parties that it was "interested in hearing argument regarding the issue of municipal liability, including who qualifies as a final decisionmaker and what knowledge or motive the final decisionmaker must have to establish liability." *Id.*

On March 2, 2018, the Parties appeared at the motion hearing and addressed the issues highlighted in the Endorsed Order. *See generally* ECF No. 75. The evidence and the discussion at the hearing indicated that the "final decisionmaker" in this case was City Manager Cameron Benson. *E.g.*, *id.* at pp. 5, 27. At the conclusion of the hearing, the Court found that Defendant had met its burden for summary judgment, noting that there was "no factual evidence in this record" that Plaintiff was "fired . . . for exercising his First

Amendment rights." *Id.* at p. 33. The Court subsequently granted Defendant's motion for summary judgment, ECF No. 73, and entered judgment in favor of Defendant and against Plaintiff on Count I of Plaintiff's Complaint. ECF No. 74.[1]

Plaintiff now moves for reconsideration under either Rule 59(e) or Rule 60(b), on the basis of "additional evidence" that Plaintiff obtained after the motion hearing. ECF No. 76, at pp. 1, 5. That evidence consists of an affidavit by Ali Amin Saleh, a plaintiff in another case involving similar allegations against Defendant, *id.* at pp. 3–4, whom Plaintiff had named as a witness in this case prior to the motion hearing. ECF No. 70-3, at p. 1; ECF No. 78, at p. 7. Mr. Saleh's two-page affidavit states, in relevant part:

> On March 5, 2015, after a court-ordered mediation [in the other case] was adjourned, . . . I saw City Manager Cameron Benson—who was there on behalf of the City—in the hallway, and told him that I was ashamed that after all I had done for the City of Miami Gardens I learned that Major Anthony Chapman, the man responsible for implementing the City's racial profiling policy, called me a terrorist, simply because he knew I was a Muslim. I also went on to tell him that I was thankful for Officer Jose Rosado, who gave an affidavit stating the truth about the racial profiling policy and Major Chapman's attempt to fabricate a case against me and allege that I was somehow a terrorist. City Manager Benson disputed the truth of the Affidavit of Officer Rosado, but did not want to speak to me further.

ECF No. 76-2, at ¶¶ 5–7.

Plaintiff contends that Mr. Saleh's affidavit "provides direct evidence that Benson was aware of Plaintiff's speech criticizing the city," and that the Court should therefore vacate the judgment and "send[] this case to a jury to decide whether Benson's decision to terminate Plaintiff was based upon [Plaintiff's] protected speech[.]" ECF No. 76, at pp. 4, 6.

## II. LEGAL STANDARDS

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that

---

[1] The Court had previously dismissed Count II, the only other count in the Complaint. ECF No. 19.

could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

Similarly, "[f]or the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). "A motion . . . under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Id.* (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)).

### III. DISCUSSION

The sum total of the "additional evidence" that Plaintiff has offered in the instant Motion is Ms. Saleh's statement that on March 5, 2015, Mr. Saleh told City Manager Cameron Benson that he was "thankful for" Plaintiff because Plaintiff had provided an affidavit "stating the truth" about Defendant's alleged wrongdoing, and that Mr. Benson had "disputed the truth" of Plaintiff's affidavit, "but did not want to speak to [Mr. Saleh] further." ECF No. 76-2, at ¶¶ 5–7. This evidence does not meet the standard required under either Rule 59(e) or Rule 60(b).

Well before the Court ordered the hearing on Defendant's motion for summary judgment, Plaintiff had listed Mr. Saleh on his witness list. ECF No. 70-3, at p. 1; ECF No. 78, at p. 7. Mr. Saleh, in turn, possessed the information in his affidavit for nearly three years before the hearing. ECF No. 76-2, at ¶¶ 5–7. Plaintiff offers no reason for failing to provide that information to the Court either before or during the hearing, despite the fact that the hearing was "[s]pecifically" held in order to address the "knowledge and motive" of "the final decisionmaker"—that is, Mr. Benson. ECF No. 71. Indeed, the only reason offered for Mr. Saleh's information becoming available after the hearing is that Mr. Saleh was "[a]pparently . . . surprised" by the ruling in Defendant's favor. ECF No. 76, at p. 4.

The presentation of "additional evidence" that was available to the movant before judgment was entered is not a proper function of a motion for reconsideration. *See Arthur*, 500 F.3d at 1343 ("[A] Rule 59(e) motion [cannot be used] to . . . present evidence that

could have been raised prior to the entry of judgment." (quoting *Michael Linet*, 408 F.3d at 763)); *Waddell*, 329 F.3d at 1309 ("For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), . . . the evidence must be newly discovered . . . [and] due diligence on the part of the movant to discover the new evidence must be shown[.]").

The facts in this case are similar to those in *Waddell*. As in this case, the plaintiffs in *Waddell* filed a Rule 60(b) motion based, in part, on new testimony from a witness who had been included on their own witness list prior to the entry of summary judgment. 329 F.3d at 1309–10. In holding that the plaintiffs' motion for reconsideration had been properly denied, the Eleventh Circuit noted that "[b]efore the entry of summary judgment, Plaintiffs could have sought to depose [the witness], or, in the alternative, request a continuance pursuant to Fed.R.Civ.P. 56(f)[.]" *Id.* at 1310. Because the plaintiffs had failed to do so, they could not "persuasively complain that [the witness] had additional evidence of which they were unaware and which might have helped them to avoid summary judgment." *Id.*

Here, as in *Waddell*, it was Plaintiff's own actions "that prevented [him] from fully presenting [his] case." *Id.* Accordingly, as in *Waddell*, "Plaintiff[] ha[s] no right to relief from the . . . entry of summary judgment based upon . . . 'newly discovered' evidence." *Id.* Because Plaintiff's Motion must be denied on that ground, the Court "need not decide" whether Mr. Saleh's affidavit "would have changed the outcome of this case"—although the Court "doubt[s] that it would." *Id.* at 1310 n.14.

## IV. CONCLUSION

For all of the reasons stated above, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment and Judgment (ECF No. 76) is **DENIED**.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 28th day of February 2019.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*